IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HORACE E. ASHLEY, JR.,

    Petitioner,

v.

DOLLY MATTEUCCI,

    Respondent.

No. C 13-0918 YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND INSTRUCTIONS TO CLERK**

    This case was commenced when Petitioner, who is currently being held in custody at the Napa State Hospital ("NSH"), filed a federal habeas corpus petition form. He has paid the $5.00 filing fee.

    However, it is unclear exactly what Petitioner is challenging in his petition. The Court cannot fairly evaluate the petition in its present state, nor can the Court be certain that he intended to file a 28 U.S.C. § 2254 petition at all. In his petition, Petitioner states that he was convicted of "assault with a deadly weapon" on an unspecified date. (Pet. at 2.) He adds that he was "forced to testify against himself" and "denied [his] right to trial by jury." (*Id.* at 6.) However, he also seems to allege that his constitutional rights were violated by NSH Executive Director Dolly Matteucci, who denied his right to refuse "psychotrophic [sic] medication" on an unspecified date. (*Id.* at 4-5.)

    Accordingly, the Court will dismiss the petition with leave to amend and allow Petitioner an opportunity to file either a proper 28 U.S.C. § 2254 petition on the enclosed habeas form or a proper 42 U.S.C. § 1983 complaint on the enclosed civil rights form.

    If Petitioner chooses to file a 28 U.S.C. § 2254 petition, he must clearly state his grounds for relief and whether he is challenging his criminal conviction and sentence, the conditions of his confinement, or the execution of his sentence. He must also set out how he has exhausted his claims, that is, what he did to present them first to the highest state court available, which is the Supreme Court of California.

If Petitioner chooses to file a 42 U.S.C. § 1983 complaint, Petitioner is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no *respondeat superior* liability under § 1983, i.e., no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). The Court further notes that the filing fee for a civil rights action is $350.00. Before this action may proceed as a civil rights action, Petitioner must pay the $350.00 filing fee, or file another application for leave to proceed IFP with supporting documents, no later than **twenty-eight (28) days** from the date of this Order.[1] He shall include with his payment or with his IFP application a clear indication that it is for the above-referenced case number, Case No. C 13-0918 YGR (PR).

## CONCLUSION

1. The instant petition is DISMISSED with leave to amend within **twenty-eight (28) days** from the filing date of this Order. Petitioner shall file either a civil rights complaint on the enclosed complaint form or a first amended petition on the enclosed habeas form, as set forth below. **Failure to do so within the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

2. Petitioner must write the case number for this action -- Case No. C 13-0918 YGR (PR) -- on the form and complete all sections of the form. Petitioner shall take care to write clearly and legibly, so that the Court can read what he writes.

If Petitioner chooses to file an amended habeas petition, it must include the words "AMENDED PETITION" on the first page. The amended petition shall be on the Court's form for habeas petitions, a copy of which is enclosed with Petitioner's copy of this Order.

---

[1] Because Petitioner originally filed this case as a habeas corpus action, the filing fee was $5.00. He has paid the full filing fee, as mentioned above. If he chooses to proceed with this case as civil rights action, he must pay the full $350.00 filing fee for civil rights actions.

2

1   If Petitioner chooses to file a civil rights action, he must complete the Court's civil rights
2   complaint form, a copy of which is enclosed with his copy of this Order. Furthermore, Petitioner
3   must pay the requisite $350.00 filing fee in this action no later than **twenty-eight (28) days** from the
4   date of this Order. He shall include with his payment a clear indication that it is for the
5   above-referenced case number, Case No. C 13-0918 YGR (PR). In the event that Petitioner is
6   unable to pay the filing fee, he shall submit an IFP application, trust account statement and
7   certificate of funds no later than **twenty-eight (28) days** from the date of this Order. **Failure to pay**
8   **the filing fee or file the requisite documents (along with his civil rights complaint form) within**
9   **the twenty-eight-day deadline shall result in dismissal of this action without prejudice.**

10       3.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
11  informed of any change of address and must comply with the Court's orders in a timely fashion.
12  Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
13  while an action is pending must promptly file a notice of change of address specifying the new
14  address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
15  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
16  (2) the Court fails to receive within sixty days of this return a written communication from the *pro se*
17  party indicating a current address. *See* L.R. 3-11(b).

18       4.    The Clerk of the Court shall send Petitioner a blank civil rights complaint form and a
19  blank habeas corpus petition form along with his copy of this Order.

20       IT IS SO ORDERED.

21
22  DATED: April 11, 2013

    **Y**VONNE **G**ONZÁLEZ **R**OGERS
    **U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE

**United States District Court**
For the Northern District of California